IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MICHAEL S. WATTS, | ⌡ | |
| Petitioner, | ⌡ | |
| vs. | ⌡ | No. 12-2011-STA-dkv |
| D.R. STEPHENS, | ⌡ | |
| Respondent. | ⌡ | |

ORDER TO CORRECT THE DOCKET
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
(ECF No. 21)
ORDER DISMISSING PETITION
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On January 6, 2012, Petitioner Michael S. Watts, Bureau of Prisons ("BOP") inmate registration number 07690-088, who was, at the time, an inmate at the Federal Correctional Institution in Memphis, Tennessee,[1] filed a *pro se* petition pursuant to 28 U.S.C. § 2241, alleging that a belated disciplinary hearing arising from a positive drug screen while at a Residential Reentry Center ("RRC") deprived him of due process. (ECF No. 1.) Watts requests the restoration of forty days of good conduct time, restoration of forty days of non-vested good conduct time, removal of 180 days of disciplinary segregation, restoration of privileges, and

---

[1] On July 8, 2013, Watts provided a new address. The Clerk is directed to update the docket with Watts present address.

expungement of the disciplinary report. (ECF No. 1 at 6.)  The Court issued an order on June 1, 2012, directing the Warden[2] to respond to the petition. (ECF No. 7.)

On August 17, 2012, Respondent filed a response to the petition contending that Watts' petition should be denied because: (1) Petitioner failed to exhaust his administrative remedies; (2) Petitioner was not deprived of due process; and (3) The evidence was sufficient to support Petitioner's guilt.  (ECF No. 19.)  The response includes the declaration of Thomas McGee, Discipline Hearing Officer for the Mid-Atlantic Regional Office of the Federal Bureau of Prisons, with attached disciplinary records (ECF No. 19-1) and the declaration of Marvella Heard, Legal Assistant at the Mid-Atlantic Regional Office of the Federal Bureau of Prisons, with attached records verifying Watts' failure to exhaust administrative remedies. (ECF No. 19-2.)

On June 19, 2013, Respondent filed a motion to dismiss Watts' petition as moot.  That motion states, *inter alia*, that "Plaintiff was released by the Bureau of Prisons on May 10, 2012. (Exhibit 1, Prinout from BOP Locator website). Given that the Petitioner was seeking the restoration of good time with respect to his sentence, the reversal of administrative segregation that has already been served, the restoration of certain privileges while incarcerated ,

---

[2] The current warden at FCI Memphis is now D.R. Stephens.  The Clerk is directed to update the docket by recording D.R. Stephens as the respondent and terminating Juan Castillo as Respondent.

2

and the expungement of his prison disciplinary record, his release from custody renders his Petition moot." (ECF No. 21 at 1-2.)

On July 8, 2013, Petitioner responded to the motion to dismiss seeking to change his prayer for relief to include compensation for the delay of his release. (ECF No. 22 at 2.)

Watts' claim is no longer justiciable. A court's judicial power extends only over actual cases and controversies. The Court "has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992)(quoting Mills v. Green, 159 U.S. 651, 653 (1895)). "For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Id.* *See also* Rosales-Garcia v. Holland, 238 F.3d 704, 713 (6th Cir. 2001)("A case is deemed moot if the relief sought would make no difference to the legal interests of the parties."); Cleveland Branch, National Association for the Advancement of Colored People v. City of Parma, 263 F.3d 513, 530 (6th Cir. 2001). A case or controversy that is no longer active can overcome the mootness doctrine only where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the

3

same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 148 (1975).

Because Plaintiff is no longer in the custody of the BOP, injunctive relief is no longer available. Moore v. Curtis, 68 F. App'x 561, 562 (6th Cir. 2003); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); Peck v. Mortimer, 650 F.2d 929, 930 (8th Cir. 1981); *see* Forbes v. Trigg, 976 F.2d 308, 312 (7th Cir. 1992) (dismissing as moot habeas petition because petitioner had been released from segregation); Thompson v. Smith, 719 F.2d 938, 940-41 (8th Cir. 1983) (dismissing as moot habeas petition alleging harassment because petitioner was transferred to another prison). Plaintiff's request to amend his prayer for relief is unavailing. Claims for compensatory damages are not cognizable in a petition under 28 U.S.C. § 2241.

This petition requests the Court to consider a controversy that is no longer active. Therefore, the Court GRANTS Respondent's motion to dismiss the petition as moot. (D.E. 21.) Judgment shall be entered for Respondent.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). Durham v. United States Parole Comm'n, 306 F.3d 225, 229 (6th Cir. 2009); Melton v. Hemingway, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of

same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 148 (1975).

Because Plaintiff is no longer in the custody of the BOP, injunctive relief is no longer available. Moore v. Curtis, 68 F. App'x 561, 562 (6th Cir. 2003); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); Peck v. Mortimer, 650 F.2d 929, 930 (8th Cir. 1981); *see* Forbes v. Trigg, 976 F.2d 308, 312 (7th Cir. 1992) (dismissing as moot habeas petition because petitioner had been released from segregation); Thompson v. Smith, 719 F.2d 938, 940-41 (8th Cir. 1983) (dismissing as moot habeas petition alleging harassment because petitioner was transferred to another prison). Plaintiff's request to amend his prayer for relief is unavailing. Claims for compensatory damages are not cognizable in a petition under 28 U.S.C. § 2241.

This petition requests the Court to consider a controversy that is no longer active. Therefore, the Court GRANTS Respondent's motion to dismiss the petition as moot. (D.E. 21.) Judgment shall be entered for Respondent.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). Durham v. United States Parole Comm'n, 306 F.3d 225, 229 (6th Cir. 2009); Melton v. Hemingway, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of

appealability as a condition to obtaining review of the denial of his petition"); *see also* Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Petitioner

files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 17th day of March, 2014.

**s/ / S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE